**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD BRINKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  09 C 5656 |
| v. | ) | |
| | ) | |
| COUNTY OF LASALLE, ILLINOIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

AMY J. ST. EVE, District Court Judge:

On June 21, 2010, Plaintiff Richard Brinkley filed the present seven-count Third

Amended Complaint against Defendants County of LaSalle, Illinois, the Sheriff of LaSalle

County, various employees and agents of LaSalle County Jail, and LaSalle County Jail health

care providers alleging constitutional violations under 42 U.S.C. § 1983, along with state law

claims pursuant to the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).  Before the

Court is Defendants Health Professionals, Ltd.'s ("Health Professionals"), Dr. Stephen Cullinan,

M.D.'s ("Cullinan"), and Virginia Black, R.N.'s ("Black") motion to dismiss Counts V and VI of

the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the

following reasons, the Court denies Defendants' motion to dismiss.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a

claim upon which relief may be granted."  *Hallinan v. Fraternal Order of Police of Chicago

Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009).  Pursuant to Rule 8(a)(2), a complaint must

include "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed.R.Civ.P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *see also Justice v. Town of Cicero,* 577 F.3d 768, 771 (7th Cir. 2009) (court construes complaint in light most favorable to plaintiff drawing all reasonable inferences in plaintiff's favor).

## BACKGROUND

At all relevant times to this lawsuit, Brinkley was a pre-trial detainee at the LaSalle County Jail in Ottawa, Illinois. (R. 33-1, Third Am. Compl. ¶ 3.) Health Professionals is a for-profit corporation which provides medical services to inmates and pre-trial detainees at the LaSalle County Jail. (*Id*. ¶ 8.) Cullinan is a medical doctor who provided treatment to pre-trial detainees and inmates at the LaSalle County Jail. (*Id*. ¶ 9.) Black was a registered nurse, who provided medical care to inmates and pre-trial detainees at the LaSalle County Jail. (*Id*. ¶ 10.) Prior to his incarceration at the LaSalle County Jail on December 13, 2008, Brinkley had been issued a prescription for blood pressure medication. (*Id*. ¶ 14.) During his initial intake, Brinkley advised jail personnel that he took blood pressure medication and requested to see a physician to obtain his medication, but that jail personnel ignored his requests. (*Id*.) Brinkley

also alleges that during his first few days at the jail, he requested to see a physician to obtain his medication, but that jail personnel ignored his requests.  (*Id*.)

According to Brinkley, he then submitted request forms as part of the jail's grievance process to multiple officials, including Defendants LaSalle County Sheriff, Thomas Templeton, and Jail Superintendent, Arthur Preci.  (*Id*. ¶ 15.)  Brinkley alleges that every form he submitted was ignored and that Defendants did not take action to address his grievances.  (*Id*.)  Further, Brinkley alleges that Defendant Corporal Von Ruden told him that jail personnel viewed inmates who file request forms as a threat.  (*Id*. ¶ 16.)  Brinkley also states that after Von Ruden's comment, jail personnel threatened and intimidated him, which eventually led to violence.  (*Id*. ¶ 17.)

In particular, on or about January 27, 2009, Brinkley was standing in the F Dorm awaiting the call to a meal.  (*Id*. ¶ 18.)  Brinkley, along with other detainees, proceeded toward the door, but before Brinkley could exit, Defendant Correctional Officer Rimmele pointed at Brinkley and started shouting obscenities at him.  (*Id*.)  Thereafter, Defendant Correctional Officers Webber and Rimmele grabbed Brinkley, forced him to the ground, and hit, punched, and kicked him.  (*Id*.)  Immediately after this attack, Brinkley alleges that Rimmele and Webber asked Brinkley if he was done filing his grievances.  (*Id*. ¶ 19.)

Brinkley further alleges that he was then placed in segregation without receiving any medical attention for his wounds and that his requests for medical attention were ignored.  (*Id*. ¶ 20.)  After the attack, Brinkley alleges that he became so terrified of the correctional officers that he refused food and suffered emotional damage.  (*Id*. ¶ 21.)  Brinkley then submitted a grievance to LaSalle County Jail Superintendent Preci complaining about Officers Rimmele's and Webber's use of excessive force and the jail's failure to provide him with prompt medical

attention following the attack.  (*Id.* ¶ 22.)  Brinkley alleges that he received no response to this grievance.  (*Id.*)

In Count V of the Third Amended Complaint, Brinkley alleges a state law intentional infliction of emotional distress claim against Health Professionals, Cullinan, and Black, as well as other Defendants, based, in part, on the denial of adequate medical attention.  (*Id.* ¶¶ 47, 48, 49.)  In Count VI of the Third Amended Complaint, Brinkley alleges that Health Professionals, Cullinan, and Black repeatedly deprived him of access to adequate medical care in violation of his Fourteenth Amendment rights.  (*Id.* ¶ 51.)  In particular, Brinkley alleges he did not receive treatment for his high blood pressure or treatment for injuries sustained during the January 27, 2009 attack.  (*Id.* ¶¶ 52, 53.)

## ANALYSIS

In their motion to dismiss, Defendants argue that Plaintiff has joined unrelated claims against different Defendants in violation of Federal Rule of Civil Procedure 20(a)(2).  Under Rule 20(a)(2), parties may be joined in one action as defendants if:  "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Thus, under the rule of permissive joinder, "[t]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).  "The purpose of Rule 20(a) in permitting joinder in a single suit of persons who have separate claims, albeit growing out of a single incident, transaction, or series of events, is to enable economies in litigation."  *Elmore v. Henderson,* 227 F.3d 1009, 1012 (7th Cir. 2000).  The Seventh Circuit

accords "wide discretion to a district court's decision concerning the joinder of parties." *Chavez v. Illinois State Police,* 251 F.3d 612, 632 (7th Cir. 2001).

In the present motion, Defendants argue that Plaintiff has improperly joined unrelated claims against different Defendants. In support of this argument, Defendants cite *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). In *George*, a prisoner sought to join in one lawsuit 24 defendants and approximately 50 distinct claims, which ranged from allegations of censorship to the contention that a malfunctioning dishwasher put the prisoner's health at risk. *See id*. at 606, 608. The Seventh Circuit concluded that such claims were improperly joined. *See id.* at 607. Specifically, the court in *George* stated that multiple claims against a single party are fine, but plaintiffs should not join a claim against one defendant with an unrelated claim against a second defendant. *Id.* The facts in *George* are an extreme example that involved an inmate who was attempting to circumvent the Prison Litigation Reform Act's limits on frivolous filings and the requirement that prisoners pay filing fees for separate lawsuits. *Id.* at 607.

In contrast, Plaintiff's Third Amended Complaint is narrowly focused. More specifically, in his Third Amended Complaint, Plaintiff alleges that his request for medical treatment for high blood pressure was ignored and that he unsuccessfully sought action through the prison's grievance procedures. (Third Am. Compl. ¶¶ 14, 15.) Plaintiff further contends the grievances he filed provoked the jail guards to threaten him, which eventually led to violence. (*Id*. ¶¶ 18, 19.) Additionally, Plaintiff alleges that the jail again failed to provide him with adequate medical treatment for the injuries he suffered at the hands of the jail guards. (*Id*. ¶ 22.) Put simply, Plaintiff alleges his decision to file grievances over the jail's failure to provide medical treatment prompted the jail guards to attack him, causing injuries that did not receive medical attention. Because these events are interrelated, Plaintiff's allegations qualify as a claim

that springs from a "series of transactions or occurrences" and satisfy the first prong of Rule 20(a)(2).

Secondly, Plaintiff also satisfies the requirement that a question of law or fact common to all Defendants arise in this action. *See* Fed.R.Civ.P. 20(a)(2)(B). Whether Plaintiff received adequate medical treatment, whether the grievances he filed over the issue provoked violence from the guards, and whether he was denied medical treatment for the injuries he alleges he received during that beating involve issues of fact common to all Defendants. In short, Plaintiff's allegations involve overlapping events that occurred in a limited time period which will require the evaluation of evidence and witnesses common to all Defendants. These allegations thus satisfy the second prong of Rule 20(a) and seeking answers to these questions in one action is consistent with the goals of judicial economy. *See Elmore*, 227 F.3d at 1012.

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion to dismiss Counts V and VI of the Third Amended Complaint..

**Date:** September 21, 2010

ENTERED

AMY J. ST. EVE
**United States District Court Judge**

6